UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STACI G. ESPINOSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-1048-P |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I. Administrative History and Final Agency Decision

Plaintiff protectively filed her application for DIB on November 6, 2018, and filed her application for SSI on November 15, 2018. AR 15. Plaintiff alleged she became disabled on April 15, 2017. *Id.* The Social Security Administration denied

Plaintiff's applications on March 5, 2019, and on reconsideration on June 3, 2019. *Id*.

Plaintiff appeared with counsel and testified at an administrative hearing conducted before an Administrative Law Judge ("ALJ") on February 28, 2020. AR 31-63. A vocational expert ("VE") also testified. AR 58-62. On March 18, 2020, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled within the meaning of the Social Security Act from April 15, 2017 through the date of the decision. AR 12-25.

Following the agency's well-established sequential evaluation procedure, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2017, the alleged onset date. AR 17. At the second step, the ALJ found Plaintiff had the following severe impairments: bipolar disorder, major depressive disorder, generalized anxiety disorder, borderline personality disorder, post-traumatic stress disorder, compulsive disorder, chronic obstructive pulmonary disease, asthma, lumbago neuritis, sciatica, and obesity. *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 18.

At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work. AR 20. Relevant to the

present case, the ALJ found Plaintiff was limited to simple, routine, and repetitive work, involving one to two step instructions. *Id.* Additionally, Plaintiff was limited to occasional interaction with supervisors and coworkers, and restricted from work involving interaction with the general public and "work involving fast-paced production requirements, or work requiring strict quota." *Id.*

At step five, the ALJ, relying on the VE's testimony, determined Plaintiff could perform her past relevant work as a housekeeper. AR 24. Additionally, continuing to rely on the VE's testimony, the ALJ determined Plaintiff could perform other jobs existing in significant numbers in the nation's economy including garment sorter, mail sorter, and laundry sorter. AR 25. As a result, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from April 15, 2017 through the date of the decision. *Id.*

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

## II.  Issues Raised

Plaintiff raises several issues on appeal. First, she contends the ALJ failed to properly consider the opinion of Dr. Donna Hill. Doc. No. 23 ("Op. Br.") at 5-6. Second, Plaintiff argues the ALJ improperly relied on the VE in determining the job requirements of Plaintiff's past relevant work as a housekeeper. *Id.* at 7-9. Third,

Plaintiff asserts the requirements of her past relevant work as a housekeeper conflicts with the RFC. *Id.* at 9. Fourth, Plaintiff argues the jobs of mail sorter, laundry sorter, and garment sorter also conflict with the RFC. *Id.* at 9-14.[1]

## III.  General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including

---

[1]  Plaintiff also asserts, in conclusory fashion, that the ALJ ignored her non-severe impairments of chronic pain and anemia in determining the RFC. Op. Br. at 14. However, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Atwood v. Saul*, No. 19-350 MV/KK, 2020 WL 39104, at *3 (D.N.M. Jan. 3, 2020) (alteration omitted) (quoting *Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994)).

anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV.  Medical Opinion

Plaintiff contends the ALJ erred in her consideration of Dr. Hill's opinion. Under the prior rules, medical opinions were weighed based on the medical source's relationship to the plaintiff. *See* 20 C.F.R. § 404.1527(c)(1)-(2) (according "more weight" to the opinions of an examining source than a non-examining source and "controlling weight" to a treating source's well-supported opinions that are "not inconsistent with the other substantial evidence" of record). The current rules, however, place no special weight on opinions offered by a treating source or otherwise. *See* 20 C.F.R. § 404.1520c(a) (providing that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . ."). "Instead, medical opinions . . . are evaluated for their persuasiveness according to a uniform set of considerations." *Purdy v. Berryhill*, 887 F.3d 7, 13 n.8 (1st Cir. 2018) (citing 20 C.F.R. § 416.920(c)).

While the considerations "are similar under the prior and current rules, *compare* 20 C.F.R. § 404.1520c(c) . . ., *with* 20 C.F.R. § 404.1527(c) . . ., the prioritization of the factors and requirements for articulating how an adjudicator consider[s] each factor differ." *Silva v. Saul*, No. 19-cv-913 WJ/KK, 2020 WL 4220862, at *4 (D.N.M. July 23, 2020). The five factors to consider are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). Previously, an ALJ gave special consideration to the medical source's relationship to the plaintiff—the third factor. *E.g., Silva*, 2020 WL 4220862, at *4; *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). The current regulations, however, provide that the factors of supportability and consistency are "[t]he most important factors" in considering "the persuasiveness of medical opinions and prior administrative findings." 20 C.F.R. Section 404.1520c(a). In determining the persuasiveness of opinions and findings, an ALJ must explain how he considered the supportability and consistency factors but is not required to explain how he considered the remaining factors. 20 C.F.R. Section 404.1520c(b)(2).

As before, ALJs must still "consider all relevant evidence in the case record in reaching their disability determination." *Silva*, 2020 WL 4220862, at *4 (citing 20 C.F.R. § 404.1520(b)). "Although an ALJ is not required to discuss every piece of evidence, '[t]he record must demonstrate that the ALJ considered all of the

evidence[.]'" *Id.* (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)).

"The ALJ must discuss not only the evidence supporting [his] decision but also 'the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.'" *Id.* (alterations omitted) (quoting *Clifton*, 79 F.3d at 1010).

Dr. Hill completed a Medical Source Statement on August 21, 2018. AR 360-62. As the ALJ explained,

> Dr. Hill opined the claimant had a long history of bipolar disorder, generalized anxiety disorder, PTSD, obsessive-compulsive disorder, which caused extreme fatigue, shortness of breath, difficulty focusing and concentrat[ing]. The claimant has difficulty working with people, being in crowds and she has had panic attacks. The claimant had extreme limitations in understanding, remembering detailed instructions and carrying out detailed instructions. The claimant had marked limitations in her ability to make judgments on simple work related decisions. The claimant had slight limitations in understanding and remembering short and simple instructions. The claimant was likely to have good days and bad days. The claimant had moderate limitations interacting appropriately with the public. The claimant had extreme limitations interacting appropriately with supervisors. The claimant had marked limitations interacting appropriately with co-workers and responding appropriately to work pressures in a usual work setting. The claimant has extreme limitations responding appropriately to changes in a routine work setting. The claimant's OCD prevented her from adapting to small changes in routine, often such in behavior. The claimant would be off task 25% or more in a typical workday.

AR 22-23 (citations omitted). The ALJ concluded Dr. Hill's opinion was not persuasive because it was not supported by and/or was inconsistent with the medical evidence. *Id.* "While the claimant had episodes of mania and depression, there was

no evidence these issues would preclude employment. When the claimant took her medicine as prescribed, she showed no signs of cognitive difficulty, nor signs of anxiety. The claimant displayed normal attention span, no signs of hyperactivity. The claimant's insights were intact, as was her memory." AR 23.

Dr. Hill's own records of treating Plaintiff are not consistent with her extreme opinion. Following Dr. Hill's management of Plaintiff's medications, she repeatedly observed that Plaintiff had no apparent serious mental status abnormalities, her associations, judgment, and insight were intact, she did not display memory problems or cognitive difficulty, she had normal attention span, and showed no signed of hyperactivity. AR 340, 342, 345, 347-48. On April 7, 2015, Dr. Hill noted, "Behavior has been stable and uneventful and medication compliance is good." AR 342.

Additionally, in 2019, Plaintiff also received care from Central Oklahoma Community Mental Health Center. AR 447-73. The records from said treatment indicate a relatively stable mental health status and no significant cognitive difficulties. AR 451, 454-66, 470-71.

To support her argument that the ALJ erred by not finding Dr. Hill's opinion persuasive, Plaintiff relies on medications prescribed by Dr. Hans Fichtenberg at Family Health Center of Southern Oklahoma ("FHCSO") from 2015 through 2018 and a weeklong inpatient stay at Mental Health Services of Southern Oklahoma

("MHSSO") in March 2018. Op. Br. at 6. As Defendant notes, Plaintiff's weeklong inpatient stay at MHSSO actually occurred in March 2016, over a year before her disability onset date. AR 352.[2] Moreover, the medical records from FHCSO, to which Plaintiff refers, represent general medical care, including but not limited to pain treatment, routine pelvic exams, anxiety, and asthma, over several years. AR 364-418. She does not cite to any particular portions of the record that support Dr. Hill's medical opinion.

The record provides substantial evidence supporting the ALJ's conclusion that Dr. Hill's opinion is unpersuasive because it is inconsistent with the medical evidence as a whole, including but not limited to Dr. Hill's own treatment records. Accordingly, Plaintiff's claim on appeal is without merit.

V.     Step Five

Plaintiff challenges the ALJ's finding at step five that there were a sufficient number of jobs in the national economy Plaintiff could perform. Op. Br. at 7-9. In her decision, the ALJ concluded Plaintiff could perform the job of garment sorter and laundry sorter, which have a reasoning level of two, and the job of mail sorter, which has a reasoning level of three. DOT, #222.687-014 ("garment sorter"), 1991

---

[2] The Court notes Plaintiff experienced an inpatient stay at Griffin Memorial Hospital in July 2018 for 25 days. AR 429-33. Immediately prior to doing so, Plaintiff had not been compliant with her medication. AR 429-30.

WL 672131; DOT #209.687-026 ("mail clerk"), 1991 WL 671813; DOT #361.687-014 ("classifier/laundry sorter"), 1991 WL 672991. Plaintiff asserts that the RFC, which limited her to simple, routine, and repetitive work involving one to two step instructions conflicts with a job that requires a reasoning level of two. The Court disagrees.

The Tenth Circuit has indicated that a limitation to simple, routine, and repetitive work involving one to two step instructions is consistent with a reasoning level of two. *See Hackett v. Barnhart,* 395 F.3d 1168, 1171, 1176 (10th Cir. 2005) (finding that an RFC limiting a plaintiff to "retain[ing] the attention, concentration, persistence and pace levels required for simple and routine work tasks" was consistent with a reasoning level of two); *see also Ray v. Comm'r of Soc. Sec.*, No. CIV-18-00638-SM, 2019 WL 1474007, at *5 (W.D. Okla. Apr. 3, 2019) ("The court finds that, on its face, the description for a reasoning level of 2—the ability to carry out detailed but uninvolved written or oral instructions—does not conflict with Plaintiff's RFC limitation to carrying out simple work-related instructions and tasks." (quotations omitted)); *Roth v. Colvin*, CIV-16-0002-D, 2017 WL 394676, at *9 (W.D. Okla. Jan. 11, 2017) (finding that an RFC determination allowing a plaintiff to perform jobs with "simple[,] repetitive, routine instructions and work decisions" was "consistent with reasoning level 2" (quotations omitted)), *adopted,* 2017 WL 395215 (W.D. Okla. Jan. 27, 2017); *Goleman v. Colvin*, CIV-15-972-HE,

2016 WL 3556958, at *4 (W.D. Okla. May 6, 2016) (concluding that where RFC limited the plaintiff to "simple, routine, repetitive instructions," "[t]he ALJ properly relied on the jobs identified by the VE with a reasoning level of two.").

Additionally, as indicated above, the job of mail sorter has a reasoning level of 3. *See, supra.* To the extent the ALJ's conclusion that Plaintiff could perform this job is error, said error is harmless. The remaining positions of laundry sorter and garment sorter, which Plaintiff can perform, exist in significant numbers in the national economy. *See Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) ("[W]e have held an ALJ's erroneous inclusion of some jobs to be harmless error where there remained a significant number of other jobs in the national economy."); *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (holding that the third job identified by the VE existed in significant numbers in the national economy and therefore the ALJ's reliance on the VE's testimony about the other two jobs, which the claimant could not perform, was harmless error); *see also Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (stating that 174 jobs in the local area and 80,000 nationwide constituted a significant number); *Garrow v. Saul*, No. 5:19-cv-586-Oc-18JBT, 2020 WL 5802493, at *7 (M.D. Fla. Aug. 19, 2020) (holding that 93,000+ jobs was a significant number in the national economy).[3]

---

[3] In her second and third issues on appeal, Plaintiff also challenges the ALJ's finding that she could perform her past relevant work as a housekeeper. In light of the ALJ's step five

## VI.  Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed.

Judgment will issue accordingly.

ENTERED this ____12th____ day of November, 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

---

finding that Plaintiff can perform other jobs existing in significant numbers in the national economy, it is not necessary to address these issues.